UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JANEEK WIGGAN,
　　　　　*Defendant-Appellant.*

No. 00-4318

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-5)

Submitted: November 8, 2002

Decided: February 11, 2003

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Stennett, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Janeek Wiggan appeals from his convictions and sentence for conspiracy to possess with intent to manufacture, distribute and dispense cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting same. Wiggan challenges several evidentiary rulings, the sufficiency of the evidence supporting his convictions, his sentence in light of *Apprendi v. New Jersey*, 530 U.S. 488 (2000), and the delay in the district court's filing of the final judgment. Finding no error, we affirm.

Wiggan argues that the district court erred in denying his motion to suppress the evidence related to his seizure at the train station. He contends that the officers, specifically Agent Balcom, did not have reasonable suspicion to detain him for an investigatory stop. This court reviews a district court's factual findings underlying its denial of a motion to suppress for clear error, while reviewing its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, in reviewing the denial of a motion to suppress, the court reviews the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We find the district court's findings of fact and conclusions in its order denying Wiggan's motion to suppress evidence to be persuasive and affirm the *Terry* stop on its reasoning. *See United States v. Wiggan*, No. CR-00-5 (S.D.W. Va. filed Apr. 10, 2000 and entered Apr. 13, 2000).

Wiggan contends that the Government's handwriting expert's testimony should have been excluded because the Government violated Fed. R. Crim. P. 16(a)(1)(E) by not timely providing him with the expert's report documenting the results of his handwriting analysis. Wiggan sought to exclude the evidence as the remedy for the alleged violation. *See* Fed. R. Crim. P. 16(d)(2). The Federal Rules of Criminal Procedure provide a district court with discretion in determining the proper remedy for a discovery violation. *See* Fed. R. Crim. P. 16(d)(2). Accordingly, a trial court's decision as to the appropriate remedy may only be reversed for abuse of discretion. *See United*

*States v. Ford*, 986 F.2d 57, 59 (4th Cir. 1993). We conclude that Wiggan was sufficiently on notice that handwriting analysis would be an issue in sufficient time for the defense to obtain its own expert. Further, Wiggan did not suffer "substantial prejudice" from the disclosure of the report one week before trial. *See United States v. Salameh*, 152 F.3d 88, 130 (2d Cir. 1998).

Wiggan challenges the admission of testimony regarding transactions with two individuals. Wiggan filed a Bill of Particulars, which sought all overt acts not set forth in the charged conspiracy count. At trial, the Government questioned Lisa Reed about two previously undisclosed drug transactions between Wiggan and others. Specifically, the Government elicited testimony regarding sales to "Jeffrey" and "Fire Extinguisher Man."

The Government admitted that it did not disclose the information requested in the Bill of Particulars for these two transactions. The Government felt that it was not under a duty to disclose the transactions to Wiggan because they were discovered by the prosecutors during interviews in preparation for trial and were not statements given to law enforcement. A district court's rulings on the admission and exclusion of evidence will not be disturbed absent an abuse of discretion. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). This court will find an abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. *United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997).

The district court decided to permit the testimony and allow Wiggan a continuance if, after counsel's cross-examination, he was not satisfied cross-examining Reed on the transactions. The court advised counsel that he would be provided additional time to investigate the transactions, and he should advise the court if he wanted the additional time. After cross-examination, counsel did not request additional time to investigate the transactions. We conclude that because counsel did not request the additional time, thus implying he was satisfied with the information elicited during cross-examination, it was not an abuse of discretion for the district court to admit the testimony.

Wiggan challenges the sufficiency of the evidence supporting his convictions and argues that the Government's case rested almost

entirely on Lisa Reed's testimony, which was contradictory and unreliable. In reviewing a sufficiency of the evidence claim, this court will sustain a guilty verdict if there is substantial evidence, taking the view most favorable to the government, to support the finding of guilt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Furthermore, "determinations of credibility are within the sole province of the [fact finder] and are not susceptible to judicial review." *Burgos*, 94 F.3d at 863 (internal quotation omitted). After reviewing the evidence in the light most favorable to the Government, we find there was substantial evidence to support the convictions.

Next, Wiggan challenges his sentence, arguing that his 262-month sentence violates *Apprendi* because a specific quantity of cocaine or cocaine base was not charged in the indictment and therefore the court could impose only 240 months (the maximum under 21 U.S.C. § 841(b)(1)(C) (2000) without an enhancement for drug quantity) for each conviction. Wiggan received a 262-month sentence for the conspiracy count and a concurrent twenty-year sentence for attempt to possess with intent to distribute cocaine.

However, even assuming Wiggan is correct, under this court's decision in *White*, the trial court was obligated to impose consecutive sentences on these convictions until it reached the total punishment, or 262 months. *U.S. Sentencing Guidelines Manual* § 5G1.2(d) (2000); *United States v. White*, 238 F.3d 537, 541-43 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001). Such stacking, even if not expressly articulated, is not plain error, and therefore Wiggan's 262-month sentence on the two counts was proper. *White*, 238 F.3d at 543.

Finally, Wiggan seeks to reverse and remand his convictions to the district court because a twenty-one month delay in the district court entering judgment "precluded the possibility of appeal for approximately twenty-one (21) months." We find that there was no error suffered as a result of the delay and Wiggan's appeal is timely filed; therefore this issue is moot.

Accordingly, we affirm Wiggan's convictions and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*